LAW OFFICES OF MARC S. NURIK
Marc S. Nurik (SBN 297951)
  marc@nuriklaw.com
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA  90212
Telephone:  310-909-6828

Attorney for Defendant JOSHUA YAFA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA YAFA,<br><br>　　　　　Defendant. | Case No.　　3:21-CR-01310 WQH<br><br>**DEFENDANT JOSHUA YAFA'S BRIEF IN SUPPORT OF ADMISSIBILITY OF CERTAIN RECORDED CONVERSATIONS** |

Defendant Josh Yafa seeks to admit into evidence and play for the jury, portions of tape-recorded conversations he had with CHS James Mahoney and the witness, undercover F.B.I Agent "Brian Durant", during counsel's cross examination of Durant. The Government has objected to the admissibility of these recordings asserting they are inadmissible hearsay.

Transcripts of the three separate proffered portions of recorded conversations are attached hereto as Exhibit A. They all occurred during the events in question and during the times of the various conversations that the Government played for the jury during Durant's testimony. One conversation, labeled D-7, is a continued portion of a conversation which the Government already played a portion of to the Jury (Govt. 20A).

Defendant submits that all 3 proffered recorded conversations (D-5, 6, 7) are admissible under the Hearsay exceptions in FRE 803 (3) which provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

In D-7, Defendant Josh Yafa clearly expresses his lack of intent or plan to influence analysts' reports by denying that he can get a rosy report from the analysts including Goldman (who is one of the analysts in this case). In D-5, Defendant Josh Yafa expresses his lack of intent to participate in a plan to have Mahoney's people put in an open market bid at 30 bucks or even 22 dollars to artificially drive the price of the stock up. In D-6 Yafa expresses his lack of intent to participate in Mahoney's plan to have his people put in Big bids to drive the price of the stock up.

All three portions of conversations express Defendant Joshua Yafa's state of mind as to intent and plan at the relevant times and are not merely statements of memory or belief. They clearly contradict the impression that the Government seeks to give to the jury from other admitted conversations, that Josh Yafa was a willing participant in a fraudulent scheme or plan. They would be used to rebut the testimony of Charles Strongo, who testified that Goldman's report contained false information, as well as the anticipated testimony of other Government cooperating witnesses.

Defendant submits that the paucity of cases directly on point reflects the clear language of the rule (FRE 803(3)). However, the Ninth Circuit's Opinion in *United States v. Bishop*, 291 F.3d 1100 (9th Cir.2002), is helpful in this Court's determination of this issue. In *Bishop*, the defendants in a criminal tax prosecution

proffered testimony of an accountant who the defendants discussed their future plans with. In discussing the claimed error of the exclusion of such testimony, the Ninth Circuit's Opinion states:

> "Any error in excluding Guskey's testimony about what defendants told him they intended to do or why they intended to do it was harmless. Such testimony may fall under the "state of mind" exception to the rule against hearsay, but it would still be self-serving, and duplicative of the defendants' own testimony about their state of mind, if they chose to testify. The best evidence would be the defendant's own testimony. In a jury trial, Guskey's seconding the defendants' statements that they "would record the money as income" in the future (intent) and that they "had been following tax advice of outside consultants" (motive) might have been helpful to the defense. In a bench trial, however, such testimony would have been cumulative and virtually irrelevant." Id at 1110.

The Court in Bishop appears to recognize the applicability of FRE 803(3) but treats the exclusion as harmless error noting the specific circumstances of that case: bench versus jury trial; proffered testimony was from a third-party witness, instead of the defendants. Here we are before a jury and the proffered evidence are the defendant's own statements in his voice before the jury. In addition, D-7 is also offered under FRE106 (rule of completeness) Defendant respectfully submits that here, exclusion would constitute reversible error.

Furthermore, the Ninth Circuit in *United States v. Emmert*, 820 F.2d 805 (9th Cir.1987), set forth three initial factors for a court to consider in determining admissibility under FRE 803 (3): contemporaneousness; chance for reflection; and relevance. Here the proffered statements meet all three criteria. The statements were all made contemporaneously with the events in question, there was no chance for reflection by the declarant and for the reasons stated above, they are clearly relevant.

Wherefore for the reasons stated above, and those to be argued before the Court, defendant Josh Yafa requests that the Court admit Defendants proffered recordings (D-5,D-6 and D- 7) into evidence.

**DEFENDANT JOSHUA YAFA'S BRIEF IN SUPPORT OF ADMISSIBILITY OF CERTAIN RECORDED CONVERSATIONS**

Respectfully Submitted,

Dated: June 14, 2023					LAW OFFICES OF MARC S. NURIK

						By:	*/S/MARC S. NURIK*
							Marc S. Nurik
							Counsel for Joshua Yafa

# EXHIBIT A

D-5
SC21 - R1 -000250

On Call: Brian Durant, James Mahoney (JM), Josh Yafa (JY):

JM - Hey buddy say - say there is ummm and I don't even know if this is smart to do, say uhh ya know one of my buddies wants to, uh I get him excited, well I call my Merrill guy and have him do a Fifty thousand dollar open market trade...that stock will go to thirty bucks with the way its with the current float right?

JY - But, but remember no one can... no one can put a market order anymore...Those are, those are

JM - He would, he would ya know his broker would say I will buy this much and rachet it up, then he will go to the next market maker, I mean.. he will run it all the way up if I, if I said you know ..Scott don't go north of say $22

JY -- NO NO stay at NO stay at $8 or $9 bucks and that's it...It would be retarded to bring it up there

---

D-6
SC21 - R1 -000214

JM - I got these wealthy people that will probably help us a lot ya know move the market or... or support and pick up shares and be bid guys ya know, bid guys, and they will put in BIG bids and sit there and just absorb it...so maybe we can talk about that later some more ya know..

JY - But ya know what but...but we don't even like, this project ya know Jim, I dont even need that though, I mean like you could say I got ten whales that will... that will be on the bid, and I will be like dude... tell them to go buy something else, like, like I don't need it
JM - ok, o

---

D-7
SC21 - R1 -000024

Continued portion of Govt Exhibit 20A, 2/17/2020 meeting in Las Vegas
Present: Brian Durant, James Mahoney (JM), Brian Volmer(BV), Josh Yafa (JY)

JM - Is it considered a tout?

JY - Its um its um, it could be a tout if it was written totally different. But since the way that its written the style, the way that we incorporate research reports that might have been done by Dawson James, or SeeThru Equity, or um Rob Goldman with

- 5 -

Goldman Research, that's the focus we are putting on it...so we take our thoughts, and our opinions and put that on the side and say that here is what Rob says, here is what Dawson James says, or here is what SeeThru Equity says, or what Cohen Roots says and we put it all on THEM...um but ..but again

BV - So your just pointing to existing data

JY - yes exactly

JM - But You could go to fierce investor, I just keep using them cuz ahh I read that one and say hey um I don't know like symbol CEDX, can you call the guy up and say hey, we got a good one CEDX ... I need a, I need a rosy report?

JY - NO..NO

JM - How do you do it

JY - NO NO

BV - You can with Goldman

JY - NO..NO NO WAY

END AUDIO - 16:42

**DEFENDANT JOSHUA YAFA'S BRIEF IN SUPPORT OF ADMISSIBILITY OF CERTAIN RECORDED CONVERSATIONS**