AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
DEC 14 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JOSHUA YAFA (2) | Case Number: 3:21-CR-01310-WQH |
| | Marc Steven Nurik |
| | Defendant's Attorney |

**USM Number**  58048-054

☐ -

THE DEFENDANT:

☐ pleaded guilty to count(s)     -

☒ was found guilty on count(s)    1 and 2 of the Indictment
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371;18:981(a)(1)(C),28:2461(c) - Conspiracy; Criminal Forfeiture | 1 |
| 15:78j(b),78ff,18:13;18:2;18:981(a)(1)(C), 28:2461(c);17:240.10b-5  - Securities Fraud; Aiding and Abetting; Criminal Forfeiture | 2 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                      is      dismissed on the motion of the United States.

☒ Assessment : $100.00 per count for a total of $200.00

☐ JVTA Assessment*: $
   -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine        ☐ Forfeiture pursuant to order filed                    , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 11, 2023
Date of Imposition of Sentence

_(signature)_
HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOSHUA YAFA (2) | Judgment - Page **2** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Thirty-two (32) months as to each count to run concurrently

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
   1. Residential Drug Abuse Program
   2. Incarceration in a facility in Florida, in particular Coleman FCI.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
   ☐ at _____ A.M. on _____
   ☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☒ by 2/9/2024 by noon.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:21-CR-01310-WQH

| | | |
|---|---|---|
| DEFENDANT: | JOSHUA YAFA (2) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Three (3) years as to each count to run concurrently

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOSHUA YAFA (2) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| DEFENDANT: | JOSHUA YAFA (2) | Judgment - Page **5** of **6** |
|---|---|---|
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

7. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

8. Not engage in the employment or profession of broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any stock or act in a fiduciary capacity.

//

DEFENDANT: JOSHUA YAFA (2)
CASE NUMBER: 3:21-CR-01310-WQH

Judgment - Page 6 of 6

## RESTITUTION

The defendant shall pay restitution in the amount of __$121,599.70__ unto the United States of America.

**SEE ATTACHED ORDER RE RESTITUTION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>JOSHUA YAFA (2),<br>　　　　　　　　　　　Defendant. | Case No.: 21cr1310-WQH<br><br>**ORDER** |

HAYES, Judge,

　　The matter before the Court is the United States' Motion for Restitution, as it relates to Defendant Joshua Yafa. (ECF No. 281.)

　　Restitution is authorized under 18 U.S.C. § 3553(a)(7), and mandatory restitution is authorized under 18 U.S.C. § 3663A(c)(1)(A)(ii) for offenses committed by "fraud or deceit" such as this one. Losses that a defendant must repay are those suffered by "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). Unlike determining the amount of loss for custodial sentencing purposes, "[r]estitution clearly focuses on the *victim*, not the individual defendant. Restitution seeks to compensate the *victim* for all the *direct and proximate losses* resulting from the

defendant's conduct, not only for the reasonable foreseeable losses." *United States v. Gossi*, 608 F.3d 574, 581 (9th Cir. 2010).

"The government bears the burden of proving that a person or entity is a victim for purposes of restitution, and of proving the amount of the loss." *Id.* at 579. "Under 18 U.S.C. § 3664, a dispute as to the proper amount of restitution must be resolved by the district court by a preponderance of the evidence." *Gossi*, 608 F.3d at 579. "[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order." *United States v. Waknine*, 543 F.3d 546, 558-59 (9th Cir. 2008). However, "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015).

Based upon the evidence filed by the Government in its Motion for Restitution and the Supplement in support of the motion (ECF Nos. 281, 307), the Court finds that all of the claimed losses for restitution purposes were incurred after Joshua Yafa joined the conspiracy. For example, Exhibit 1 to the Government's Supplement, ECF No. 307-1, contains a chart showing that the earliest stock transaction that took place for restitution purposes was on September 25, 2020, which is about a month after the first of the newsletters distributed by Joshua Yafa and Jamie Yafa touting the GWHP stock. *See* ECF No. 307 at 7.

The Court has the option to impose joint and several liability, or it has the option to apportion the restitution award among the Defendants. *See United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020). If the Court finds that each defendant "played an essential role in the fraudulent scheme," it has the discretion to hold each defendant jointly and severally liable for the restitution payments. *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002); *see also* 18 U.S.C. § 3664(h).

The evidence at trial showed that Joshua Yafa played an essential role in the fraudulent scheme. One of the primary goals of the conspiracy was to stimulate public investor interest in the stock, increase the trading volume of and liquidity in GWHP stock,

and artificially inflate the price of the stock. The efforts of the Yafas' co-conspirators would not have caused widespread investor harm without the contribution of the Yafas. The widespread investor harm was only caused after Joshua Yafa and Jamie Yafa joined the conspiracy and ran their stock promotional campaigns through the call rooms and newsletters. Joshua Yafa contends that restitution "apportionment is appropriate, especially given the outsized role Charles Strongo played in this matter," because Strongo "was operating as a lone wolf," and "hid the true facts of his share transfers from the Yafas." (ECF No. 320 at 4.) Even if the evidence supported this view, the trial evidence also showed that the Defendants, including Joshua Yafa, were engaged in a coordinated, joint scheme in which more than one Defendant contributed to the loss of each identified victim. While each Defendant had a different role in the scheme and there may be some room for debate about the relative levels of culpability among the Defendants, the Court finds that the victims' stock transactions that led to the losses at issue took place after Joshua Yafa and his brother began their promotional efforts, and these promotional efforts were a critical component of the overall pump-and-dump scheme. Accordingly, the Court finds joint and several liability to be appropriate as to the restitution order applicable to Joshua Yafa.

As to the amount of restitution, the Court limits consideration to the dollar amount and number of victims identified by the Government in its Motion and Supplement. For the reasons identified by the Government in its filings, the Court agrees that the Government took a conservative approach to calculating the number of victims and amount of loss for the purposes of restitution, and that the amount of loss claimed in the Motion for Restitution, which is $121,599.70, does not reflect the total losses caused by the conspiracy or by Joshua Yafa in particular.

As for causation, the evidence at trial showed that Joshua Yafa knowingly ran promotions that inserted false information about GWHP into the market. Jamie Yafa has asserted without evidence that none of the identified victims subscribed to his newsletter. Even if he had produced evidence of this, the Government at trial produced sufficient

evidence to show that Joshua Yafa and Jamie Yafa's coordinated promotional efforts culminated in open-market investors buying GWHP stock under false pretenses. Based upon this evidence, the Court presumes that the open-market investor victims identified by the Government were adversely impacted by Joshua Yafa's criminal conduct. Even apart from this presumption, under the Mandatory Victims Restitution Act, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the restitution order may include acts of related conduct for which the defendant was not convicted." *United States v. Thomsen*, 830 F.3d 1049, 1066 (9th Cir. 2016). The Ninth Circuit has held that in conspiracy cases involving fraud such as this one, "restitution may be ordered for all persons directly harmed by the entire scheme." *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015). Here, the harm to all of the identified victims, including two victims who responded to direct or indirect solicitations from GWHP corporate officers, was directly caused by the pump-and-dump scheme in which Joshua Yafa played an integral part. The Court finds that the harm to these victims was "closely related to the scheme, rather than tangentially linked." *Thomsen*, 830 F.3d at 1066. The Court finds that the Government has proven the necessary causation between Joshua Yafa's crimes and the $121,599.70 in losses sustained by the identified victims.

In general, a defendant is required to pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. *See* 18 U.S.C. § 3612(f)(1). However, "[i]f the court determines that the defendant does not have the ability to pay interest under this subsection, the court may … waive the requirement for interest." 18 U.S.C. § 3612(f)(3)(A). Joshua Yafa has not argued or shown that he does not have the ability to pay interest. Accordingly, the Court will require that interest be paid if appropriate pursuant to 18 U.S.C. § 3612.

As to Joshua Yafa, the Court grants the Motion for Restitution in the amount of $121,599.70 to the victims identified in the motion, with joint and several liability.

IT IS HEREBY ORDERED that the Motion for Restitution (ECF No. 281) is granted as to Defendant Joshua Yafa. This Order does not resolve the Motion for Restitution as to any other Defendant.

1. Pursuant to 18 U.S.C. § 3553(a)(7) and 18 U.S.C. § 3663A(c)(1)(A)(ii), Defendant Joshua Yafa (hereinafter "Defendant") shall pay restitution in the total amount of $121,599.70. Restitution shall be paid to the following victims in the specified amounts, pro rata:

    a. $25,455.35 to Frederick Charles Dietz II;
    b. $2,618.74 to Shahram Esmailzadeh;
    c. $10,432.40 to Alois Michael Himsl Jr.;
    d. $1,959.60 to Dean Kasper;
    e. $96.50 to Barbara Mallonee;
    f. $51,475.01 to Susan M. Sanderson;
    g. $24,326.90 to Thomas E. Sanderson;
    h. $5,115.00 to Robert G. Weigner;
    i. $120.20 to Percy L. White Jr.

2. Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater. Upon release from custody, Defendant shall pay restitution at the rate of at least $150.00 per month, subject to modification by order of the Court.

4. This order does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

5. If payment has not already been made in full, interest will accrue on the restitution amount in the manner prescribed by 18 U.S.C. § 3612.

6. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

The bank or cashier's check or money order shall reference "Joshua Yafa" and "Case No. 21CR1310-WQH." The Clerk of the Court shall distribute payments to all victims at addresses to be provided to the Clerk's Office by the United States Attorney's Office.

7. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office's Forfeiture and Financial Litigation Section of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs.

Dated: December 11, 2023

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court